UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re: Yousif H. Halloum,<br><br>Debtor<br>———————————————<br>Yousif H. Halloum,<br><br>Appellant<br><br>v.<br><br>Wilmington Savings Fund Society, FSB,<br><br>Appellee | Case No. 2:24-cv-02424-CDS<br><br>BK-23-10842-gs<br>Appeal Reference: 24-39<br><br>**Order Dismissing Appeal, Denying as Moot Appellant's Motion for Permission to File Electronically, and Denying as Moot Appellee's Motion to Dismiss**<br><br>[ECF Nos. 4, 7] |

This action, filed by pro se appellant Yousif H. Halloum, is an appeal from the order terminating automatic stay issued by the United States Bankruptcy Court for the District of Nevada. ECF No. 1. Halloum moves for permission to use and register for electronic case filing. Mot., ECF No. 4. However, because Halloum did not timely file his notice of appeal, I dismiss the appeal for lack of jurisdiction. Therefore, the pending motion to file electronically is denied as moot. Likewise, appellee Wilmington Savings Fund Society's motion to dismiss is denied as moot.

I.  Background[1]

Halloum filed a voluntary bankruptcy petition in March 2023. ECF No. 1 in *In re Yousif H. Halloum*, BK-23-10842-gs. In October 2023, Wilmington Savings Fund Society, FSB filed a motion for relief from an automatic stay. ECF No. 34 in *In re Yousif*.[2] Argument on the motion

---

[1] The underlying matter is *In re Yousif H. Halloum*, BK-23-10842-gs. Under Federal Rule of Evidence 201, a court may take judicial notice of court records and court proceedings. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").
[2] The docket entries cited in this section are found in the underlying bankruptcy matter.

1 was heard on October 25, 2023, and the bankruptcy court granted Wilmington Savings' motion for relief from the automatic stay for cause under Section 362(d)(1). Hr'g tr., ECF No. 50 in *In re Yousif* at 14:11–15:10. The court ordered Wilmington Savings to circulate the proposed order to Halloum[3] "in order to make sure that the order is consistent with what [the judge] stated on the record here today." *Id.* at 15:11–16. The proposed order was served on Halloum on October 25, 2023. ECF No. 51 in *In re Yousif* at 2. In accordance with U.S. District of Nevada Bankruptcy Court Local Rule 9021, counsel certified they received "no response" from Halloum to approve or disapprove the proposed order. *Id.* Thus the order granting the motion and terminating automatic stay was issued on November 1, 2023. ECF No. 51 in *In re Yousif*. The notice of entry of the order terminating the automatic stay was filed the same day. ECF No. 52 in *In re Yousif*. The order, and the notice of its entry, were mailed to Halloum on November 1, 2023. *Id.* at 2. In March 2024, the chapter 13 bankruptcy trustee moved to dismiss the action because Halloum failed to confirm a plan in approximately twelve months since the date of filing. ECF No. 85 in *In re Yousif*. The trustee argued that without a confirmed plan, distributions and collection efforts were forced to halt. *Id.* at 2. It further asserted that Halloum's failure to confirm a plan caused unreasonable delay that is prejudicial to creditors. *Id.* The motion to dismiss was granted on September 9, 2024. ECF No. 122 in *In re Yousif*. On December 27, 2024, Halloum filed a notice of appeal from the order terminating the automatic stay. ECF No. 136 in *In re Yousif*.

## II.     Discussion

Federal Rule of Bankruptcy 8002(a) provides that an appeal from a bankruptcy court's decision must be filed "within 14 days of the date of entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). As the Ninth Circuit has held, "[t]he provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order." *In re Mouradick*, 13 F.3d

---

[3] The court also ordered the proposed order be circulated to Halloum's counsel of record, George Haines. Hr'g tr., ECF No. 50 in in *In re Yousif* at 15:11–16.

326, 327 (9th Cir. 1994); *see In re Souza*, 795 F.2d 855, 857 (9th Cir. 1986) (explaining that the Rule 8002 time limits will be strictly construed "[b]ecause of the jurisdictional implications").

Here, Halloum did not file his notice of appeal within fourteen days of the bankruptcy court's order granting the motion for relief from automatic stay. It was more than one year after the date of the bankruptcy judge's order before Halloum filed his notice of appeal, which is well beyond the fourteen-day limit. *See* ECF No. 1. And the notice does not set forth any explanation for the untimely appeal. Thus, I lack jurisdiction to consider an appeal of the bankruptcy court's decision on November 1, 2023. As Halloum's untimely notice of appeal "deprives [this] court of jurisdiction to review the bankruptcy court's order," this court is not inclined to address his appeal on the merits.[4] *In re Mouradick*, 13 F.3d at 327. Because I lack jurisdiction, I am therefore unable to consider appellee Wilmington Savings Fund Society's motion to dismiss and therefore deny it as moot.

### III.     Conclusion

IT IS THEREFORE ORDERED that Halloum's appeal is **DISMISSED** for lack of jurisdiction.

IT IS FURTHER ORDERED that Halloum's motion for permission to use and register for electronic case filing **[ECF No. 4] is DENIED as moot**.

IT IS FURTHER ORDERED that Wilmington Savings Fund Society's motion to dismiss **[ECF No. 7] is DENIED as moot.**

The clerk of court is instructed to close this case.

Dated: January 13, 2025

_____
Cristina D. Silva
United States District Judge

---

[4] In light of this finding, it is not necessary for the court to discuss the appellee's other grounds for denial of the appeal.